HERBERT E. DAVIDSON, Respondent, *v.* LIBRARY BUREAU, Appellant.

First Department, December 18, 1931.

*Timothy Newell Pfeiffer* of counsel [*S. W. Livingston* with him on the brief; *Milbank, Tweed, Hope & Webb,* attorneys], for the appellant.

*Carl A. Mead* of counsel [*William Harvey Reeves* with him on the brief; *Shearman & Sterling,* attorneys], for the respondent.

McAvoy, J. Plaintiff sues to recover damages for breach of a contract of employment, which he alleges arose from an agreement whereby defendant promised to employ plaintiff as consultant for the period of his life, his compensation to be paid at the rate of $4,200 per year. Under this contract plaintiff agreed that he would not associate himself with any other business in competition with that of the defendant. The complaint, as amended, alleges that the plaintiff performed all the conditions of the contract which were his to perform, but that the defendant failed to make payments to him after March, 1926. There was a denial by defendant that any such contract was ever made.

Plaintiff relies on an oral agreement which he says he had with the secretary of the defendant company to employ him for the duration of his life and compensate him at the rate of $4,200 per year.

The record is not clear that this conversation was held prior to December 16, 1919, on which date the board of directors of defendant authorized his employment for one year at the rate of compensation mentioned and adopted a formal resolution to that effect, following which the secretary of the defendant wrote the plaintiff a letter tendering him employment for the year 1920 at the same compensation, and asked him if the agreement was in accordance with his understanding to indicate his acceptance on the letter and return it, which plaintiff did by noting his acceptance of its terms and signing the same and forwarding the letter to the defendant's secretary.

If we were to conclude that the evidence is sufficient to establish an oral contract for life employment, prior to the date of this letter and its acceptance, we would be bound to hold that such an agreement was canceled or merged in the formal resolution, the letter following it and its acceptance by the plaintiff, which would exclude the force of such evidence in finding such a right of action.

If the oral arrangement were made subsequent to the letter, as a modification of the same, we conclude that there is no evidence

that it was ever authorized by the board of directors, or that the secretary had any warrant of authority for making it on behalf of the corporation.

We cannot find from the proof that it was ever ratified or confirmed, which might make it valid, even though originally not founded in authority.

No cause of action, therefore, was established upon which this verdict could be based.

The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.