WILLIAM A. HEAMAN, Respondent, *v.* E. N. ROWELL CO., INC., Appellant.

(Argued January 26, 1933; decided March 1, 1933.)

*Bayard J. Stedman* and *George W. Watson* for appellant. Contracts for lifetime employment are unusual. Except in rare instances they are held to be unreasonable. They should be specific and definite, even if not required to be in writing. (*Arentz* v. *Morse D. D. & R. Co.*, 249 N. Y. 439; *Greaves* v. *American Institute*, 114 Misc. Rep. 413.) The complaint states specifically that the plaintiff entered into an oral contract with defendant, through its president. There was lack of power on the part of the president to make the contract. (*Beers* v. *New York Life Ins. Co.*, 66 Hun, 75; *Carney* v. *New York Life Ins. Co.*, 162 N. Y. 453; *Davidson* v. *Library Bureau*, 234 App. Div. 47; 259 N. Y. 654.)

*Everest A. Judd* for respondent. The contract was not *ultra vires*. (*Usher* v. *N. Y. C. R. R. Co.*, 76 App. Div.

422; *Lienkauf* v. *Lombard,* 137 N. Y. 417; *Greaves* v. *American Institute,* 114 Misc. Rep. 413; *Schwartz* v. *Regensburg & Son,* 227 N. Y. 521; *Montwill* v. *American Locomotive Co.,* 159 N. Y. Supp. 21.) Where a corporation consists of a small number of persons, it may transact its business without the formality of resolutions by the board of directors. (*Hall* v. *Herter Bros.,* 83 Hun, 19; 90 Hun, 280; 157 N. Y. 694; *Barkin Constr. Co.* v. *Goodman,* 221 N. Y. 156; *Groh's Sons* v. *Groh,* 80 App. Div. 85; *Young* v. *U. S. Mortgage & Trust Co.,* 214 N. Y. 279; *Ætna Explosives Co.* v. *Bassick,* 176 App. Div. 577; 220 N. Y. 767; *Hoag* v. *Lamont,* 60 N. Y. 96.)

POUND, Ch. J. The action is one to recover damages for an alleged wrongful discharge of plaintiff from the employ of defendant.

The question is whether an allegation in the complaint that an oral contract of employment for life by a corporation was made *through its president,* can be upheld as sufficient in law. That a contract for employment for life if authorized by the corporation and based on an adequate consideration, will ordinarily be sustained admits of no dispute. (*Riefkin* v. *DuPont DeNemours & Co.,* 290 Fed. Rep. 286; *Arentz* v. *Morse Dry Dock & Repair Co.,* 249 N. Y. 439, 444.) Alleged contracts of life employment are, however, so unusual as to have been, with rare exceptions, condemned by the courts as unreasonable and unauthorized. The president or other executive officer of a corporation has no authority as such to make a contract that one should remain in the corporate employ for life even under a general power " to appoint, remove and fix the compensation of employees." That any board of directors or other persons responsible for the management of a corporation should give such unusual power to an executive officer cannot be implied. Plain language of the managing board, clearly showing that such was the intention of the corporation,

coupled with power actually or impliedly vested in the corporation itself, must be found to justify such a hiring. (*Carney* v. *New York Life Ins. Co.*, 19 App. Div. 160, 161; affd., 162 N. Y. 453; *Alexander* v. *Equitable Life Assur. Soc.*, 233 N. Y. 300; *Clifford* v. *Firemen's Mut. Benefit Assn.*, 232 App. Div. 260; affd., 259 N. Y. 547; *Davidson* v. *Library Bureau*, 234 App. Div. 47; modified, 259 N. Y. 654.)

The complaint does not suggest that the board of trustees of the defendant corporation ever authorized or ratified the contract set forth in the complaint. Plaintiff rests entirely on the affirmative allegation that the contract was made " through the president." If the plaintiff proved the facts alleged and nothing more he would fail to establish a cause of action. He would establish an unauthorized contract of hiring, not enforceable against the corporation.

It was not necessary to allege that the hiring was " through the president." Although it was unnecessary, it was not improper (*Calvo* v. *Davies*, 73 N. Y. 211), and the whole pleading must be considered in determining whether it states a cause of action.

The order should be reversed and the second cause of action set forth in the complaint dismissed, with costs in all courts, and the question certified answered in the negative.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.