**OHIO TABLE PAD CO. OF INDIANA, INC., Defendant-Appellant,**

v.

**Audrey HOGAN, Plaintiff-Appellee.**

**No. 3-180A10.**

Court of Appeals of Indiana, Third District.

July 30, 1981.

Rehearing Denied Sept. 10, 1981.

John M. Clifton, Jr., Alan Verplanck, Barrett, Barrett & McNagny, Fort Wayne, Leroy K. Schultess, LaGrange, for defendant-appellant.

Herbert E. Boase, C. Susan Glick, La-Grange, for plaintiff-appellee.

GARRARD, Judge.

In 1973 Audrey Hogan (the employee) resided in Fort Wayne where she was employed as secretary to the chief water pollution and control engineer for the city. In response to an advertisement in a Fort Wayne newspaper she wrote a letter of application for the job of Branch Office Manager Trainee with Ohio Table Pad Co. (the company). In the letter she stated, "My interest is in finding a steady position to carry me through the balance of my working years, and I believe I could offer you loyalty and ability."

She was subsequently interviewed and was offered the job. According to her testimony she reiterated at the interview that she was looking for a job "that would last me until I was ready to retire," and that she expected to work until she reached sixty-two (62) years of age. She was told that if she accepted the job the company desired her to move to LaGrange, Indiana, where the office she was to work in was located. The company agreed to pay her traveling expenses until she could locate a new residence and also agreed to pay her moving expenses.

She went to work for the company on May 21, 1973. On July 9, 1976 she was discharged. She then commenced this action for damages contending breach of her contract of employment. A jury awarded her $57,000 and the company appeals.[1]

We initially note that the parties are not fully agreed as to whether the employee's theory of the case stated a contract for a term of years or one for a "lifetime" or "permanent" employment.[2] This uncertainty is said to arise from the facts that the employee sought employment only until she was ready to retire; that she indicated she expected to retire at age sixty-two; and that a fixed number of years could be deduced by subtracting from sixty-two her age at the time the employment commenced.

■ The contract was an indefinite one and, as such, was not rendered unenforceable by the statute of frauds. While the employee indicated a desire to work until she was "ready" to retire and indicated that she "expected" to retire at age sixty-two, under the evidence she was not committed to do either. Thus, considering only the evidence favorable to her position, the employment contract must be treated as one for an indefinite term.

■ As such it was terminable at the will of either party unless it was supported by

---

1. We have recited the facts from the perspective favoring the award.

2. It was the company's position at trial that the employment was merely "at will." If such had been the finding at trial the contract was terminable by either party at will and no damages would be recoverable. *See, e. g., Martin v. Platt* (1979), Ind.App., 386 N.E.2d 1026; *Shaw v. S. S. Kresge Co.* (1975), 167 Ind.App. 1, 328 N.E.2d 775. On the other hand, if the contract were for a fixed term in excess of one year the statute of frauds would be implicated. *See* IC 32-2-1-1. When the company sought to amend its pleadings during trial to assert the statute of frauds, the court denied the motion.

independent consideration. *Seco Chemicals, Inc. v. Stewart* (1976), 169 Ind.App. 624, 349 N.E.2d 733. If there was such consideration, then in the absence of mutual agreement the company could only terminate the employee for good cause without incurring liability for its action. *Seco Chemicals, supra; Mt. Pleasant Coal Co. v. Watts* (1926), 91 Ind.App. 501, 151 N.E. 7.

The trial court instructed the jury that either the giving up of a job, business or profession or the removal of the employee's family from one place to another would constitute sufficient independent consideration to create a contract of permanent employment so that the employee could only be discharged for "good cause." We disagree.

Indiana courts early recognized that independent consideration to support a contract of permanent employment existed where the employee surrendered or released a claim for personal injuries he had sustained at the hands of the contract employer. *Carter v. Richart* (1919), 65 Ind.App. 255, 114 N.E. 110; *American Car & Foundry Co. v. Smock* (1910), 48 Ind.App. 359, 91 N.E. 749, *reh. den.* 48 Ind.App. 371, 93 N.E. 78; *Illinois C.R. Co. v. Fairchild* (1910), 48 Ind. App. 300, 91 N.E. 836, *reh. den.* 93 N.E. 176; *Pennsylvania Co. v. Dolan* (1892), 6 Ind. App. 109, 32 N.E. 802. We have also found independent consideration to exist where the employee assigned a valuable coal lease to the employer in return for the offered employment. *Mt. Pleasant Coal Co. v. Watts* (1926), 91 Ind.App. 501, 151 N.E. 7.

Other jurisdictions have reached similar conclusions and have occasionally found the existence of independent consideration from circumstances attending the employee's cessation of his prior employment. Illustrative of such instances are *Carnig v. Carr* (1897), 167 Mass. 544, 46 N.E. 117 where the employee was induced to abandon his own competing business to enter the employment, and *Collins v. Parsons College* (Iowa 1973), 203 N.W.2d 594 where the employee

was induced to surrender an existing "permanent" employment and the employer was made expressly aware that he was unwilling to do so except for permanent employment.[3] The cases are the subject of a thorough annotation appearing in 60 A.L.R.3d 226.

From them emerge the two following general rules with which we agree: (1) The acts and actions involved in moving one's household to a new location, while sufficient to constitute consideration for an agreement to provide moving allowances or expenses, will not constitute independent consideration to support a contract of permanent employment so as to impose the requirement of good cause upon the right to terminate the employee; (2) The relinquishment by the employee of an existing job, business, or profession, without more, will not impose such requirement. *Fisher v. Jackson* (1955), 142 Conn. 734, 118 A.2d 316; *Heuvelman v. Triplett Electrical Inst. Co.* (1959), 23 Ill.App.2d 231, 161 N.E.2d 875; *Smith v. Beloit Corp.* (1968), 40 Wis.2d 550, 162 N.W.2d 585; *Lynas v. Maxwell Farms* (1937), 279 Mich. 684, 273 N.W. 315; *Heaman v. E. N. Rowell Co.* (1932), 236 App. Div. 34, 258 N.Y.S. 138, *rev'd on other grounds* 261 N.Y. 229, 185 N.E. 83.

The reason for this view is that in moving and/or giving up her prior job, the employee is merely placing herself in a position to accept the new employment. There is no independent detriment to the employee because she would have had to do the same things in order to accept the job on any basis, and there is no independent benefit bestowed upon the employer.

The court therefore erroneously instructed the jury that either the act of moving or giving up a prior job could constitute valid consideration. More importantly, as the company contends, the evidence is insufficient as a matter of law to establish more than a contract of employment terminable at the will of either party.

---

**3.** These cases generally have occurred in a context wherein the employer is actively pursuing the particular employee and attempting to secure his services. While the decisions do not speak of estoppel, the doctrine does not appear wholly inappropriate.

The evidence was fully presented at trial. Viewed most favorably toward the employee it establishes merely that she sought the job and in order to accept it she gave up her existing secretarial job and was required to move her residence. In connection with the latter requirement she was paid both travel and moving expenses. Such conduct does not constitute independent consideration necessary to convert her employment to one requiring good cause for termination.

We therefore reverse the judgment and remand with instructions to enter judgment for the defendant.

HOFFMAN, P. J., and STATON, J. concur.