Dean A. HOSTETTLER, Plaintiff,

v.

PIONEER HI–BRED INTERNATIONAL, INC., Defendant.

No. TH 84–184–C.

United States District Court, S.D. Indiana, Terre Haute Division.

Oct. 25, 1985.

Paul Watts, Spencer, Ind., for plaintiff.

Michael K. McCrory, Indianapolis, Ind., for defendant.

## MEMORANDUM ORDER

BROOKS, District Judge.

This matter is before the Court upon the motion of the defendant, Pioneer Hi-Bred International, Inc. (hereinafter "Pioneer") for summary judgment pursuant to Rule 56 Federal Rules of Civil Procedure. The Court having considered the motion and supporting brief, plaintiff's brief in opposition thereto, and the pleadings filed in this cause, and now being duly advised in the premises finds that the motion should be granted.

Plaintiff, Dean A. Hostettler (hereinafter "Hostettler") commenced this action on May 10, 1984 in the Greene Circuit Court. Pioneer, a corporation organized and existing under the laws of the State of Iowa,

removed the case to this Court on June 11, 1984. In his complaint Hostettler alleges that he was employed by Pioneer as a Field Manager at its Worthington, Indiana plant in August 1983. On or about August 5, 1983 Hostettler's employment was terminated. Hostettler contends that his termination was unlawful and improper in that it breached both implied and express contracts of employment as well as an implied convenant of good faith and fair dealing and that it was in retaliation for the reporting of certain alleged irregularities concerning his supervisors. Hostettler further alleges that Pioneer has published and stated incorrect and misleading information concerning his termination to his detriment and that Pioneer has violated Indiana Code Section 22-6-3-1 and that their actions were in willful and wanton disregard of his rights. Accordingly Hostettler seeks an award of both compensatory and punitive damages.

Pioneer has filed its motion for summary judgment, contending that, based upon the pleadings submitted, as well as the answers to requests for admissions and interrogatories, it cannot be disputed that it is entitled to judgment as a matter of law. Pioneer's first contention is that Hostettler was, as a matter of law, an employee "at will" whose employment was terminable with or without cause at any time. Thus, Pioneer asserts, it is clear that Hostettler may not state a claim for breach of an employment contract or an implied covenant of good faith and fair dealing. Secondly, it is argued that, contrary to plaintiff's position, Pioneer's employee handbook does not as a matter of law constitute an employment contract which would give rise to a cognizable claim. With respect to Hostettler's defamation claims Pioneer contends that the documents of which Hostettler complains are incapable as a matter of law of being considered defamatory. Finally, Pioneer points out that plaintiff may not maintain a private civil action for an alleged violation of Indiana Code Section 22-6-3-1 for the reason that the statute is a criminal statute whose enforcement is reserved to the State of Indiana.

Plaintiff seeks to refute the above arguments in several ways. First, he points out that he was a "regular" employee as defined in the employee handbook and thus is entitled to the presumption that he was hired for a determinate period. Second, Hostettler contends that he provided additional consideration in return for annual employment in that he moved to Worthington on very short notice to take the field manager position, and worked unusually long hours during the summer. Third, Hostettler argues that even if he was an "at will" employee, the provisions of the employee handbook should be binding on Pioneer in any event because of the independent consideration which Pioneer had already received and because Pioneer benefited from other considerations; *i.e.* a stable work force, good employer-employee relations, and higher productivity. Finally, Hostettler contends that because defendant in its answer to plaintiff's complaint, said it was without sufficient knowledge or information concerning Hostettler's claim of defamation, summary judgment is inappropriate. The Court finds plaintiff's arguments wholly without merit.

A long line of Indiana cases have discussed the definition and import of an "at will" classification of an employee. It is clear that, absent certain recognized exceptions, an employment agreement, the tenure of which cannot be determined from the terms of the contract, is one "at will" and may be terminated at any time by either party for any reason. *Hamblen v. Danners, Inc.,* 478 N.E.2d 926 (Ind.App. 1985); *Mead Johnson and Co. v. Oppenheimer,* 458 N.E.2d 668 (Ind.App.1984); *Campbell v. Eli Lilly and Company,* 413 N.E.2d 1054 (Ind.App.1980); *Martin v. Platt,* 386 N.E.2d 1026 (Ind.App.1979). Exceptions, recognized by the Indiana courts, to the "at will" doctrine involve situations where the employee is discharged in retaliation for exercising a statutorily conferred right or for fulfilling a statutorily imposed duty. *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973); *Campbell v. Eli Lilly, supra;* or where the

employee has supplied independent consideration which results in a detriment to him and a corresponding benefit to the employer, *Hamblen v. Danners, supra; Ohio Table Pad Co. of Indiana, Inc. v. Hogan*, 424 N.E.2d 144 (Ind.App.1981); or in certain cases where there is promissory estoppel. *Pepsi-Cola General Bottlers, Inc. v. Woods*, 440 N.E.2d 696 (Ind.App.1982).

■ In the case *sub judice* plaintiff contends that he is not an "at will" employee because he was a "regular" as opposed to a "temporary" employee as defined by the employee handbook. This argument the Court finds unavailing. The employee's handbook indicates that:

> You are considered a regular employee if you are hired for a specific job and it is expected that your normal work week will be at least 40 hours on a 12–month basis. Employees hired on a temporary basis will be considered temporary employees until they are notified that their status has been changed to that of a regular employee. (Plaintiff's Ex. A to Memorandum in Opposition to Motion for Summary Judgment).

Regardless of plaintiff's expectations, the Court cannot find that the above provision gives rise to an employment contract for a definite term. There is no promise of employment for a period of one year. *Hamblen v. Danners, supra.* In fact, at most the provision can be interpreted as only informing a potential employee that he could expect to work an average of 40 hours per week based upon a twelve (12) month period if he were a "regular" employee. Conversely, if he were a temporary employee he could not expect to work any average number of hours. Thus, in the absence of a promise for employment for a definite period of time, the existence or non-existence of any provision of the employee handbook is immaterial. *Mead Johnson Co. v. Oppenheimer, supra; Shaw v. S.S. Kresge Co.*, 167 Ind.App. 1, 328 N.E.2d 775 (1975). Accordingly, the Court finds that plaintiff was an "at will" employee terminable for any reason, or no reason, and that the existence of the employee handbook is immaterial. As such plaintiff may not assert a cause of action for breach of an express or implied contract of employment.

Plaintiff has retorted that despite his status as an "at will" employee, he may still maintain an action for breach of the contract because defendant breached an implied covenant of good faith and fair dealing, discharged him in retaliation for his reporting of alleged irregularities, and because he provided additional consideration in return for continued employment. In all of these respects, plaintiff is in error.

■ It cannot be seriously disputed that Indiana does not recognize that an employer owes a duty of good faith and fair dealing to an employee at will. *Perry v. Hartz Mountain Corp.*, 537 F.Supp. 1387 (S.D.Ind.1982); *Campbell v. Eli Lilly, supra.* Therefore, since the Court has previously found that Hostettler was an employee "at will" Pioneer owed no such duty to Hostettler. Furthermore, it is clear that only discharge in retaliation for the exercise of a statutorily conferred right on a statutorily imposed duty is sufficient to avoid the "at will" doctrine. *Campbell, supra.* Accepting Hostettler's allegation that he reported irregularities and was discharged for doing so, he has failed to demonstrate a statutory source for the alleged right he claims to have exercised, nor has he demonstrated a statutory source for the duty he claims to have fulfilled. Thus, the Court must conclude that Hostettler fails to fall within the exception to the employment at will rule recognized by *Frampton* and *Campbell.*

■ Hostettler also stringently argues that he has provided various forms of additional consideration in return for his continued employment. First, he points to the fact that he moved from Northern Indiana to the Worthington plant on very short notice at Pioneer's request. However, as the Court noted in *Ohio Table Pad, supra,* "[t]he acts and actions involved in moving one's household to a new location ... will not constitute independent consideration to support a contract of permanent employ-

ment ..." *Id.* at 146. Second, Hostettler puts forth the proposition that he has supplied additional consideration in working unusually long summer hours as a field manager and that Pioneer should be estopped from failing to comply with the provisions of the employee handbook because they have benefited from other considerations such as a stable work force, better employer-employee relations, and higher productivity. Such arguments are disingenuous. Hostettler moved from Northern Indiana in 1979 to take a position as a field manager. Such a position would in all likelihood require additional hours to be worked during the summer due to the nature of Pioneer's business. To assert now that such hours were not "part of the job" but comprised additional consideration for continued employment borders on the ludicrous. Much the same can be said of plaintiff's other averments of additional consideration. Undoubtedly, to the extent that Pioneer dealt with its employees in a fair and equitable manner it benefited from a stable work force, better employer-employee relations and perhaps higher productivity. However, those factors are insufficient to impose upon Pioneer an employment contract with Hostettler which they did not make. Furthermore, Hostettler has failed to establish that he did anything which would justify estopping Pioneer because of their receipt of the above claimed benefits.

Finally, Hostettler has put forth two other basis for imposing liability upon Pioneer. First, is the alleged violations of Indiana Code Section 22–6–3–1. The simple answer to this claim is that Hostettler lacks standing to bring an action for violation of Indiana Code Section 22–6–3–1 for the reason that such proceedings are to be prosecuted in the name of the State of Indiana by the prosecuting attorney. I.C. 34–4–32–1. Second, is plaintiff's claim that he has been, in essence, defamed by certain incorrect or misleading information published by Pioneer. The Court has carefully examined both of the alleged publications upon which plaintiff relies. The first is an undated copy of a newspaper article which

reports, among other things, that plaintiff is still at his job as field manager. How this innocuous comment defames plaintiff under any of the traditional basis for maintaining an action for libel or slander is beyond the understanding of this Court even if the statement is inaccurate. The second document relied upon is a termination exit interview form which indicates that the reason for plaintiff's termination was "other employment". Again, this rather innocuous comment, even if it is incorrect, as it may be assumed to be, is not the stuff of which defamation actions are made. Furthermore, since the form itself is distributed internally by Pioneer for processing of personnel matters, it is protected under a theory of qualified privilege. *Weenig v. Wood*, 169 Ind.App. 413, 349 N.E.2d 235 (1976). Accordingly, plaintiff's complaint in these respects must also fail.

Based upon all of the foregoing, the Court finds that there are no genuine issues of material fact, and that defendant is entitled to summary judgment. Therefore, Pioneer's motion for summary judgment is GRANTED.