**William H. BURKE, Plaintiff–Appellant,**

v.

**Gus BEVONA, Individually, as President of Local 32B–32J, Service Employees International Union, AFL–CIO, as Vice President of the Service Employees International Union, AFL–CIO, and as Trustee of the Local 307 Pension Trust Fund, Defendant–Appellee,**

**John J. Sweeney, Individually, as President of the Service Employees International Union, AFL–CIO, and as Trustee of the Service Employees International Union, AFL–CIO, Affiliates Officers and Employees Pension Plan, Defendant.**

No. 1112, Docket 90–7757.

United States Court of Appeals, Second Circuit.

Argued Feb. 20, 1991.

Decided April 22, 1991.

Before FEINBERG, TIMBERS and MINER, Circuit Judges.

MINER, Circuit Judge:

Plaintiff-appellant William H. Burke appeals from a summary judgment entered in the United States District Court for the Eastern District of New York (Korman, *J.*), dismissing his claim for breach of oral contract for lifetime union employment against defendant-appellee Gus Bevona, as president of Local 32B–32J, Service Employees International Union, AFL–CIO ("Local 32B–32J"). The district court dismissed the claim because it found that Bevona lacked express authority to enter into a contract with Burke for lifetime union employment.

In *Burke v. Bevona*, 866 F.2d 532 (2d Cir.1989) (*"Burke I"*), we remanded for further proceedings in which Burke would have the opportunity to produce evidence of Bevona's "authority to make a binding contract for lifetime employment" because the district court failed to consider whether Bevona had express authority to enter into a lifetime employment contract with Burke. *Id.* at 537. Burke also was afforded an opportunity on remand to submit proof of an express termination provision in the oral contract, which is necessary if an oral lifetime employment contract is to fall outside the statute of frauds. *Id.* On remand, the district court, 758 F.Supp. 118, granted Bevona's motion for summary judgment on the ground that Burke had failed to introduce any evidence that Bevona had express authority to bind the Local 32B–32J to a lifetime employment contract with Burke.

Burke argues on appeal that, because actual authority can be express or implied, the district court erred by requiring proof of express authority. He contends that there was implied authority because the contract was consistent with the custom and practice of Local 32B–32J and that, since the Executive Board wanted to secure the merger of the two unions, hiring him to secure the merger was consistent with its intent. Burke also asserts that Bevona's lack of authority to bind the union should

William H. Burke, St. Petersburg, Fla., pro se.

Peggy L. Kerr, New York City (Peretz Bronstein, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel), for defendant-appellee.

have been pleaded as an affirmative defense. Finally, he argues that summary judgment was premature because he was prevented from discovering potentially favorable evidence relating to Bevona's authority to enter into these types of contracts. For the reasons that follow, we affirm the judgment of the district court.

## BACKGROUND

Familiarity with *Burke I*, where we describe in detail Burke's claim that Bevona orally promised him lifetime employment with Local 32B, is presumed. Here, we recite only those matters relevant to the determination of this appeal.

In 1981, a merger between Local 307 and Local 32B, both of the Service Employees International Union, AFL–CIO ("SEIU"), was proposed. Burke, who was then Secretary–Treasurer of Local 307, asserts that Bevona orally promised him a job with Local 32B–32J "for as long as [Burke] live[s]," in exchange for his support of the merger. Burke also maintains that Sweeney, president of SEIU, indicated that he stood behind Bevona's promise of lifetime employment with the union. After the merger was consummated in 1982, Burke was hired as a business agent for the combined union, but was later discharged by Bevona on August 17, 1983.

Burke filed suit on February 21, 1985 against Bevona, pleading claims grounded in fraudulent misrepresentation, breach of employment contract, breach of fiduciary and statutory duties arising out of a delay in remitting the proceeds of two annuity insurance policies, and tort. *Burke I*, 866 F.2d at 534. A few months after the commencement of the action, the district court granted partial summary judgment for defendants, dismissing all claims except the claim of fraudulent misrepresentation. *Id.* Soon after, however, the court, in a revised order, reinstated the claim of breach of contract after we handed down our decision in *Ohanian v. Avis Rent A Car Sys., Inc.*, 779 F.2d 101 (2d Cir.1985) (setting forth standards for applying New York's statute of frauds to lifetime employment contracts). A trial was held on the contract claim and the fraudulent misrepresentation claim.

During trial, the district court dismissed the breach of contract claim against Sweeney and SEIU. *Burke I*, 866 F.2d at 534. Thereafter, the jury found both Bevona and Sweeney liable on the fraud claim and Bevona liable on the breach of contract claim and awarded both compensatory and punitive damages. *Id.* The district court upheld the breach of contract determination, but granted Bevona judgment notwithstanding the verdict on the fraud claim, because Burke had failed to prove fraudulent intent. *Id.* at 534–35. It also held that the proof did not warrant an award of punitive damages and that there should be a new trial, limited to the issue of breach of contract damages, only against Bevona as president of Local 32B. *Id.* at 535. A second trial was held, resulting in a jury award and a judgment for Burke. *Id.*

In *Burke I*, we affirmed those portions of the district court order and revised order that denied the motion to dismiss the fraudulent misrepresentation and breach of contract claims. As to that portion of the order that granted the motion to dismiss the claims of breach of fiduciary and statutory duties in connection with two annuity insurance policies, we reversed. *Id.* As to that portion of the district court order that vacated the first jury award for fraud and punitive damages and dismissed that part of the action, we affirmed. We also affirmed the portion of the order that vacated the breach of contract damages award on the first trial, but we vacated the part that ordered a retrial on the damages issue alone. As to the jury's award in the second trial, we vacated and remanded for further proceedings relative to the breach of contract and breach of fiduciary and statutory duties claims.

In our prior opinion, we noted that, throughout the course of the proceedings leading to the jury verdict awarding damages to Burke in the second trial, "no one [had] questioned Bevona's right to hire and fire" and that "there [was] a substantial question [as to] whether Bevona had the

right to make a binding oral contract for lifetime employment." *Id.* at 536. We held that, in any event, Bevona's authority to enter into a lifetime employment contract could not be presumed. *Id.* at 537 (citing *Schwartz v. United Merchants & Mfrs., Inc.*, 72 F.2d 256, 258–59 (2d Cir. 1934)). Thus, we remanded for Burke to produce evidence of Bevona's express "authority to make a binding contract for lifetime employment." *Id.*

Additionally, observing that "[t]he New York cases uniformly hold that implied termination terms are not sufficient to take an oral contract out of the statute [of frauds]," we held that "[t]he terms must be express." *Id.* at 538. We therefore concluded that Burke was required to produce evidence that the alleged lifetime employment oral contract contained an express termination provision. *Id.; see* N.Y.Gen. Oblig.Law § 5–701 (McKinney 1989). We also noted that there is considerable New York authority for the proposition that "an oral contract for an otherwise unlimited term" with a termination contingency exercisable only by Burke might be void under New York's statute of frauds. *Burke I,* 866 F.2d at 537.

On remand, the district court determined that Burke did not sustain his claim for breach of lifetime employment contract against Bevona because he did not prove that "either the Executive Board of the membership of Local 32B–32J expressly authorized the making of such a contract." Bevona submitted unrebutted evidence that the Executive Board never authorized him to enter into a long-term or lifetime employment contract with Burke. With respect to the claims of breach of statutory and fiduciary duties, the parties advised the district court that they had reached a settlement. The claims, therefore, were "discontinued without prejudice to the right to reopen if a settlement [was] not consummated." Finally, the district court did not make a determination on the statute of frauds issue because Burke had failed to meet the threshold requirement of proving that Bevona had the authority to enter into the contract at issue. The court, however, did suggest that, if an appeal

were taken from its judgment, appellees properly could argue for the affirmance of the judgment on the ground that the contract was void under the statute of frauds for lack of an express termination provision. Accordingly, the district court granted Bevona's motion for summary judgment on the claim of breach of contract and dismissed the action.

## DISCUSSION

■ In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate when a nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The district court properly dismissed the complaint on the ground that Burke failed to make a sufficient showing that Bevona had express authority to enter into the lifetime employment contract with Burke.

■ Under New York law it is settled that, in order to bind a corporation to an "extraordinary" or "unusual" contract entered into between a corporate official and another party, it is necessary to show that the official had express authority to enter into the contract. *Pettit v. Doeskin Prods., Inc.*, 270 F.2d 95, 99 (2d Cir.1959), *cert. denied,* 362 U.S. 910, 80 S.Ct. 660, 4 L.Ed.2d 618 (1960); *see also Scientific Holding Co. v. Plessey Inc.*, 510 F.2d 15, 23–24 (2d Cir.1974); *Schwartz,* 72 F.2d at 258. In *Pettit,* we noted that "[w]hat is usual or ordinary necessarily depends on the circumstances of the particular case." 270 F.2d at 99. However, no examination of the facts and circumstances is necessary in this case because contracts of lifetime employment have been deemed "unusual" by New York courts faced with claims re-

lating to such contracts. *Heaman v. E.N. Rowell Co.*, 261 N.Y. 229, 231, 185 N.E. 83, 84 (1933); *cf. Farmer v. Arabian Am. Oil Co.*, 277 F.2d 46, 51 (2d Cir.), *cert. denied*, 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960). Although *Heaman* dealt with a lifetime employment contract claim in the corporate context, we have held that the rule requiring express authority to enter into these types of contracts "has even greater significance when applied to labor organizations," which are, by law, democratic organizations. *Burke I*, 866 F.2d at 536–37 (citing *Local 3489, United Steelworkers v. Usery*, 429 U.S. 305, 309, 97 S.Ct. 611, 614, 50 L.Ed.2d 502 (1977)).

■ Here, the affidavits of the officials of the Executive Board of Local 32B–32J submitted by Bevona clearly demonstrated that he lacked the express authority to enter into a lifetime employment contract with Burke. Moreover, Burke's request for discovery properly was rejected since he admits that he may discover only evidence of implied authority. This is insufficient as a matter of law. *Burke*, 866 F.2d at 537; *see Scientific Holding Co.*, 510 F.2d at 23–24. Even if discovery had been permitted to go forward, and Burke had found Executive Board minutes establishing that the Board authorized Bevona to take "all steps necessary" to effect the merger with Burke's union, the result would be no different. Authorization to take all steps necessary to effect a merger is more like authority to engage in "transactions in the ordinary course of the [union's] business," *Scientific Holding Co.*, 510 F.2d at 23, which, by definition, excludes unusual and extraordinary transactions. *Id.*

■ Nor do we agree with Burke's contention that the lack of express authority must be asserted as an affirmative defense. The existence of express authority is an essential element of Burke's case, and it is elementary that a defendant need not prove the absence of an essential element. *See Ruggiero v. Krzeminski*, 928 F.2d 558, 562 (2d Cir.1991).

Given that Bevona introduced uncontroverted evidence that he lacked the authori-

ty to enter into a lifetime union employment contract with Burke, and that Burke admits that he only will be able to come forward with evidence of implied authority, summary judgment properly was granted. *See Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 512 (2d Cir. 1989). Because we find that the district court properly granted summary judgment on the ground that Bevona lacked express authority to enter into the lifetime employment contract, we need not address the statute of frauds issue. While we sympathize with Burke, the settled principles in this area require that we affirm the judgment.

We have examined Burke's remaining arguments and find them to be without merit.

## CONCLUSION

The judgment of the district court is affirmed.