SYDNEY H. CARNEY, SR., Appellant, *v.* NEW YORK LIFE
INSURANCE COMPANY, Respondent.        ·

CONTRACT OF EMPLOYMENT FOR LIFE — WHEN UNREASONABLE. A con-
tract by which a person was employed for life, made by the executive officers
of a life insurance company assuming to act under a by-law, previously
adopted by the board of trustees, empowering them "to appoint, remove
and fix the compensation of each and every person except agents
employed by the company," is unreasonable, and not contemplated thereby,.
because, the term of office of said trustees being limited by statute, it must
be assumed that they would not adopt a by-law authorizing the imposi-
tion of unreasonable contracts upon their successors in office.

*Carney* v. *N. Y. Life Ins. Co.*, 19 App. Div. 160, affirmed.

(Argued March 6, 1900; decided April 17, 1900.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered June
21, 1897, affirming a judgment in favor of defendant entered
upon a dismissal of the complaint upon the opening of plain-
tiff's counsel by the court at a Trial Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*James D. Fessenden* for appellant. If from the by-law or
any circumstance shown there was conferred a power to employ,
then in making the contract in question the president and
actuary were within their authority. (*Wallis* v. *Day*, 2 M.
& W. 273; Cook on Corp. 708, 709; *Beveridge* v. *N. Y. E.
R. R. Co.*, 112 N. Y. 23.) This contract is no longer execu-
tory on plaintiff's part, and the corporation is estopped to deny
the original want of power in itself to make it, or in the two
officials who made it on behalf of their principal. (Cook on
Corp. [4th ed.] 90.)

*William B. Hornblower* and *George W. Hubbell* for respond-
ent. The officers of the company had no express or implied
power to make the contract in suit. (*Camacho* v. *H. B. N.
& E. Co.*, 2 App. Div. 369; *Bright* v. *C. I. S. Y. Co.*, 83
Hun, 482; *De Bost* v. *A. P. Co.*, 35 Hun, 386; *Alexander*
v. *Cauldwell*, 83 N. Y. 480; *Jemison* v. *C. S. Bank*, 122 N.

Y. 135; *Adriance* v. *Roome*, 52 Barb. 411; *F. Nat. Bank* v. *O. Nat. Bank*, 60 N. Y. 287.)

Haight, J. The action was brought to recover damages for a breach of contract of employment.

The plaintiff's counsel, in his opening, repeated the allegations of his complaint, which were in substance, that in December, 1869, the president and actuary of the defendant entered into an oral contract with the plaintiff, by the terms of which he was to enter the employment of the defendant in a medical capacity and that such employment should continue during his life; that for the first year his salary should be $5,000, the second year $5,500 and the third year $6,000, and that it was to remain at that figure until changed by the parties; that pursuant to such contract he entered the employment of the defendant, which continued until the year 1895, with a salary which was increased from time to time until it reached $12,000 per annum, and that on the 20th day of June, 1895, he was wrongfully discharged. The complaint further alleged that the board of trustees had adopted a by-law which was in force at the time of the making of the contract in 1869, by which the president and actuary were empowered " to appoint, remove and fix the compensation of each and every person except agents employed by the company." He demanded as damages $168,000. The answer denied that the contract was for life and alleged that it was void.

It is claimed that the alleged contract was void under the Statute of Frauds, and, further, that it was a contract which neither the executive officers nor the board of trustees had the power to make under the authority of *Beers* v. *N. Y. Life Ins. Co.* (66 Hun, 75); but passing without determining these questions, we are of the opinion that the plaintiff has no cause of action, for other reasons which may be briefly stated.

The by-law alluded to must be given a reasonable interpretation. We may assume that the power given to appoint was intended to include the power to employ and to agree upon

the compensation that should be paid, but in assuming this, we cannot believe that the board of trustees in adopting the by-law intended to invest the executive officers named with the power to enter into unreasonable contracts as to the term of employment. Under the statute, the board of trustees consisted of twenty individuals whose terms of office continued for four years, five being elected each year. The management and control of the corporation was given to the trustees. In construing the action of the board in adopting the by-law in question we must assume that they had in mind the provisions of the statute fixing their terms of office and that, at the expiration of that period, other persons may be chosen in their places, upon whom would rest the responsibility of the conduct and management of the business of the company, and that they had no right to interfere with the powers of future boards of trustees by imposing upon them unreasonable contracts. This provision of the statute may properly be taken into consideration by the court in determining whether the contract is reasonable. Having in view the provisions for the election of new officers upon whom would be cast the responsibility of the management of the company, and the evident purpose of the statute that the hands of the future officers should not be tied or their action unreasonably hampered, we think the contract in question must be held to be unreasonable and one not contemplated by the by-law, and consequently, one that should not be executed. In this case there is no dispute as to the facts, and, consequently, the questions arising with reference to the meaning of the by-law, and, as to whether the contract is reasonable, is for the court and not for the jury. ( *Wright* v. *Bank of the Metropolis*, 110 N. Y. 237, 249; *Mead* v. *Parker*, 111 N. Y. 259, 262; *Sullivan* v. *N. Y. & Rosendale Cement Co.*, 119 N. Y. 348, 355; *Colt* v. *Owens*, 90 N. Y. 368.)

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur.

Judgment affirmed.