201 So.2d 853

**UNITED SECURITY LIFE INSURANCE COMPANY**

v.

**Lowell GREGORY.**

**6 Div. 348.**

Supreme Court of Alabama.

Aug. 17, 1967.

Sydney Lavender, of Deramus & Johnston, Birmingham, for appellant.

Nash, NeSmith & Walker, Oneonta, Jas. F. Berry, Cullman, for appellee.

SIMPSON, Justice.

Mr. Gregory sued United Security for breach of a contract of employment. The basis of his claim may be thus summarized:

In 1938 he was employed as a "field agent" by Emergency Aid Life Insurance Company of Elba, Alabama. He was hired by a general agent of the company. After being with Emergency Aid for a few months he was promoted to a district managership. In 1962 United Security acquired Emergency Aid through a merger. The appellee continued to act as a district manager for United Security until his employment was terminated by the president of United Security in 1963.

Appellee's complaint consisted of two counts. In essence it was alleged that the plaintiff (appellee) had entered into a contract of employment in writing with Emergency Aid, which contract had been lost, in 1938; that by the terms of the contract the plaintiff was to solicit life and burial insurance for the defendant, collect and remit premiums thereon, and to supervise the defendant's business in Blount County; that under the terms of the contract it was agreed between the parties that the plaintiff would remain in the defendant's employment so long as the plaintiff solicited life and burial insurance for the defendant and supervised its business in Blount County and so long as the plaintiff made his annual increase in insurance production. Under the terms of the contract, it was alleged, plaintiff was to receive 10% of all insurance premiums produced by agents of the defendant under the plaintiff's supervision. The plaintiff alleged that he performed all provisions of the contract which he was re-

quired to perform and that the defendant had breached the contract by terminating his employment on April 9, 1963. Plaintiff claimed damages in the amount of $100,000. The case was tried to a jury which returned a verdict in favor of the plaintiff in the amount of $5,000. This appeal followed.

The theory of the plaintiff's case was that the contract sued on was a contract for employment for, in his words, "an indefinite period of time", "no limit to it", "permanent", "no termination".

At the threshold then, we must consider whether this contract, which was lost, and the terms of which were only vaguely remembered, was one which can be enforced against the employer who has terminated the services of the employee.

■ This Court has had occasion to consider this question in a number of cases. In National Union Life Insurance Company v. Ingram, 275 Ala. 310, 154 So.2d 666, speaking through Justice Lawson, it was observed:

"In regard to a contract for life employment, the majority rule seems to be that two elements must be shown to exist before such a contract can be held enforceable. *First, it must appear that there was a consideration of substantial value, independent of any service to be performed, and in making that determination the courts inquire into the actual value of the consideration.* Second, where the promisor is a corporation, in the absence of ratification or estoppel, it must appear that the individual or individuals who acted on behalf of the corporation had actual, as opposed to implied, authority to bind the corporation. Alabama Mills [Inc.] v. Smith, 237 Ala. 296, 186 So. 699; Chesapeake & Potomac Tel. Co. of Baltimore City v. Murray, 198 Md. 526, 84 A.2d 870; Heaman v. E. N. Rowell Co., 261 N.Y. 229, 185 N.E. 83; Carney v. New York Life Ins. Co., 19 A.D. 160, 45 N.Y.S. 1103, affirmed 162 N.Y. 453, 57 N.E. 78; Rennie v. Mut.

Life Ins. Co. of N. Y., 1 Cir., 176 F. 202; * * * [further citations omitted]." (Emphasis added.)

Further, in Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699, we noted:

"Our case of Peacock v. Virginia-Carolina Chemical Co., 221 Ala. 680, 130 So. 411, reviews many of the authorities on the subject. The general rule is there referred to that an indefinite hiring is presumed to be at the will of either party, in the absence of custom or facts showing a contrary intention. * * *

" ' * * * "permanent" employment will be held to contemplate a continuous engagement to endure as long as the employer shall be engaged in business and have work for the employee to do and the latter shall perform the service satisfactorily. This. seems to be the established rule in case the employee purchases the employment with a valuable consideration outside the services which he renders from day to day.' " (Emphasis added.)

The expressions from this Court as noted in the foregoing cases and others seem to be consistent with the majority approach as indicated by the Annotation at 35 A.L.R. 1432, supplemented at 135 A.L.R. 646, where it is stated that

" * * * ordinarily, in the absence of additional express or implied stipulations as to duration, a contract for permanent employment, for life employment, or for other terms purporting permanent employment, where the employee furnishes no consideration additional to the services incident to the employment, amounts to an indefinite general hiring terminable at the will of either party, and that, therefore, a discharge without cause does not constitute a breach of such contract justifying recovery of damages therefor * * *."

■ We have searched the record before us for evidence that the first element re-quired and noted in National Union Life Insurance Company v. Ingram, supra, was met by appellee. There is a complete absence of any claim by him that there was any consideration for the contract of employment, even assuming that it provided for indefinite employment in express terms, "of substantial value, independent of any service to be performed". Rather, his testimony is supportive of the conclusion that there was absolutely nothing rendered by him other than day to day services of selling insurance and collecting premiums. Indeed, his own testimony indicated that he performed this service on a part-time basis and as an adjunct to his personal insurance business, in which he represented other companies.

■■ Appellee relies on Alabama Mills, Inc. v. Smith, supra, where we said that

"When a person purchases such a contract [of employment] for a valuable consideration other than the service to be rendered for which he is to receive compensation, there is no reason to suppose that it is not as binding as any other contract thus supported. If he has purchased a contract by which his employer leaves the period of duration to him, it resembles the purchase of other sorts of option rights, subject to the limitation impliedly included that the employer shall continue in such business and need the things to be done, which the employee is to do."

We concur in that holding. However, that case is distinguishable from the one at bar in one essential respect, viz: there the employee showed the consideration other than the services rendered mentioned in *National Union*, supra. Here, the employee has not done so. We think the affirmative charge should have been given at the instance of appellant, for the reasons above noted.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.