Appellants, Larry Murphree and Richard Stover, appeal from trial court decisions granting summary judgments in favor of defendants, Farm Bureau Insurance Company (Farm Bureau) and Federated Life Insurance Company, in actions alleging both breach of contract and fraud. We affirm the decision in Murphree's case and reverse the decision in Stover's case.
In February 1980, Murphree answered an advertisement in theDecatur Daily newspaper which referred to a "Career Opportunity for sales representative with Alabama Farm Bureau Insurance." On March 3, 1980, Murphree commenced employment with Farm Bureau as an insurance agent. Murphree testified that his employment contract with Farm Bureau was partially written and partially oral. The written part included an agent's handbook, a production schedule, and various other documents. The oral part concerned various oral communications between Murphree and Ms. Jean Wood, a district manager for Farm Bureau. Murphree's case is particularly concerned with an alleged oral representation made by Ms. Wood to Murphree that he would be entitled to employment with Farm Bureau so long as he complied with a particular production schedule. On *Page 1220 
February 2, 1982, Farm Bureau terminated Murphree's employment, allegedly for "attitude and lack of life production."
Richard Stover was hired as an insurance agent by Farm Bureau on July 19, 1982. Stover testified that his employment agreement was also partially written and partially oral. The written part included the production schedule and various other documents. The oral part included representations by Farm Bureau to Stover that he would be compensated by commissions and Stover's agreement with Farm Bureau that he would move to Athens, Alabama (his sales territory), from his home in Decatur, Alabama. On November 2, 1982, Farm Bureau terminated Stover's employment for "failure to relocate to Territory."
Murphree, on October 27, 1982, and Stover, on November 29, 1982, filed complaints against Farm Bureau Insurance Company and Federated Life Insurance Company, both alleging breach of contract and fraud. The defendants filed answers generally denying the allegations of the complaints, and discovery followed in both cases.
On January 21, 1983, the defendants filed a motion for summary judgment in both cases, based on the ground that, since no specific term of employment was stated or could be inferred from Murphree's or from Stover's contract, Murphree and Stover were employees-at-will of defendants, and, thus, could be terminated at any time. The trial judge granted defendants' motions on April 12, 1983. Instead of applying the employment-at-will doctrine, however, the trial judge ruled:
 "The requirements for a contract of permanent employment to be binding, as it was held in Alabama Mills, Inc. v. Smith, [237 Ala. 296,] 186 So. 699
(Ala.Sup.Ct. 1939) and more recent cases following the above, include the requirement that it is necessary to show a valuable consideration supplied by the employee other than services to be rendered for which he is to be paid. The plaintiff has not done this."
Murphree and Stover then filed motions for new trials which were denied. These appeals followed.
Appellants' basic argument on appeal is that the trial court erred in granting the summary judgment motions, since there was evidence that each appellant supplied a valuable consideration to support a permanent employment contract.
The state of the law concerning permanent employment contracts is summarized by Justice Maddox in Scott v. Lane,409 So.2d 791, 794 (Ala. 1982), as follows:
 "In United Security Life Insurance Co. [v. Gregory, 281 Ala. 264, 201 So.2d 853 (1967)], this Court quoted the following passage from National Union Life Insurance Co. [v. Ingram, 275 Ala. 310, 154 So.2d 666
(1963)],:
 "`In regard to a contract for life employment, the majority rule seems to be that two elements must be shown to exist before such a contract can be held enforceable. First, it must appear that there was a consideration of substantial value, independent of any service to be performed, and in making that determination the courts inquire into the actual value of the consideration. Second, where the promisor is a corporation, in the absence of ratification or estoppel, it must appear that the individual or individuals who acted on behalf of the corporation had actual, as opposed to implied, authority to bind the corporation. Alabama Mills [Inc.] v. Smith, 237 Ala. 296, 186 So. 699; Chesapeake Potomac Tel. Co. of Baltimore City v. Murray, 198 Md. 526, 84 A.2d 870; Heaman v. E.N. Rowell Co., 261 N.Y. 229, 185 N.E. 83; Carney v. New York Life Ins. Co., 19 A.D. 160, 45 N.Y.S. 1103, affirmed 162 N.Y. 453, 57 N.E. 78; Rennie v. Mut. Life Ins. Co. of N.Y., 1 Cir., 176 F. 202; * * * [further citations omitted].'"
Furthermore, this court has stated:
 "[O]rdinarily, in the absence of additional express or implied stipulations as to duration, a contract for permanent employment, for life employment, or for other *Page 1221 
terms purporting permanent employment, where the employee furnishes no consideration additional to the services incident to the employment, amounts to an indefinite general hiring terminable at the will of either party, and . . ., therefore, a discharge without cause does not constitute a breach of such contract justifying recovery of damages therefor * *."
United Security Life Insurance Company v. Gregory, 281 Ala. 264,265, 201 So.2d 853, 854 (1967) (quoting Annot., 35 A.L.R. 1432, supplemented at 135 A.L.R. 646).
In Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699
(1939), we find examples of when a valuable consideration sufficient to support a permanent employment contract has been deemed to exist. In that case, the court stated:
 "Not infrequently contracts by railroad companies to furnish `steady and permanent' employment to employees in consideration of the relinquishment of claims by the employees against the companies have been construed to show an agreement on the part of the company to furnish the employee with employment as long as the latter is able, ready and willing to perform such services as the company may have for him to perform. The fact that the employee has a right to quit work at his option does not give the employer a reciprocal right to terminate the contract at pleasure, since the employee, by releasing his claim, has paid a valuable consideration for the option."
And further:
 "[I]f the hirer knows that the person being employed then has employment, and that he is giving it up to engage in his new work under the new contract, a valuable consideration is shown."
We have carefully searched the record in this case for any evidence that Murphree or Stover supplied a valuable consideration to defendants sufficient to support a permanent employment contract. We have found no evidence that Murphree provided such consideration. Murphree's contention that his agreement to comply with a certain production schedule constituted sufficient consideration is unpersuasive. The record reveals that compliance with the production schedule is merely incident to employment with the defendants. Indeed, failure to so comply can be grounds for termination. The trial court was, therefore, correct in granting summary judgment on Murphree's claim due to lack of consideration. Thus, the trial court's judgment in Murphree's case is affirmed.
However, Stover's contention that his agreement to move to Athens, Alabama, was sufficient consideration to support a permanent employment contract is not without merit. It is well settled that on motion for summary judgment, the burden is on the moving party to show that no genuine issue of material fact exists, see Amason v. First State Bank of Lineville,369 So.2d 547 (1979), and it must appear that the moving party is entitled to a judgment as a matter of law. Raley v. RoyalInsurance Company, Ltd., 386 So.2d 742 (Ala. 1980). Furthermore, if there is a scintilla of evidence supporting the position of a party against whom summary judgment is made, so that an issue is entitled to go to a jury, summary judgment cannot be granted. Coggin v. Starke Brothers Realty Company,Inc., 391 So.2d 111 (Ala. 1980); Campbell v. Alabama Power Co.,378 So.2d 718 (Ala. 1975). It is the opinion of the court that Stover's agreement to relocate to Athens, Alabama, was not entirely incidental to employment with Farm Bureau and, therefore, that there was at least some, i.e., a scintilla of, evidence that Stover provided a consideration additional to the services incident to such employment which might have supported a permanent employment contract. The trial court was in error in granting the defendants' motion for summary judgment on Stover's claim. Thus, the trial court's judgment in Stover's case is reversed, and the case remanded for proceedings consistent with this opinion.
82-1173, AFFIRMED.
82-1174, REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 1222