DAVID E. BUFFALOE, PLAINTIFF v. UNITED CAROLINA BANK, DEFENDANT

No. 8716SC1124

(Filed 19 April 1988)

1. **Master and Servant § 10— discharge of bank employee—termination by board of directors not required**

   There was no merit to plaintiff's contention that his employment, which was for an indefinite term, was terminated in violation of N.C.G.S. § 55-34(d) because it was not accomplished by the board of directors of defendant bank, since that statute merely provides that the board of directors *may* remove an officer, but it is not mandatory that the board do so.

2. **Master and Servant § 8— employment manual not part of contract**

   Even though defendant's employment manual stated that plaintiff would be fired only for "illegal, immoral or unethical conduct," the policy was unilaterally promulgated by defendant and therefore was not a part of the contract between plaintiff and defendant.

**3. Master and Servant § 10— move between cities for promotion—no additional consideration—employment at will doctrine still applicable**

> Plaintiff's move from defendant's bank in Charlotte to its bank in Lumberton in order to receive a promotion was not sufficient additional consideration for employment to remove this wrongful discharge action from the employment at will doctrine.

**4. Master and Servant § 10— bank officer elected for one-year term—officer still employee at will**

> There was no merit to plaintiff's argument that he was not an employee at will because his election to a one-year term as an officer of defendant bank fulfilled the requirement of employment for a specified term, since the election of officers was clearly a timetable adopted unilaterally by defendant and did not represent a contractual agreement as to a specific term of employment.

APPEAL by plaintiff from *Williams, Judge.* Judgment entered 6 June 1987 in Superior Court, ROBESON County. Heard in the Court of Appeals 6 April 1988.

This is a civil action for damages caused by wrongful discharge. Plaintiff was an employee of defendant and in 1982 left defendant's Charlotte branch and took a position as Vice President and City Officer of defendant's Lumberton branch. In August 1985, plaintiff requested that Michael Uzzell, Senior Vice President and Regional Executive of defendant, investigate some problems with personnel at the Lumberton branch.

After Uzzell's investigation, he consulted with Ed Kizer, Executive Vice President, and Thomas Nicholson, Senior Vice President in charge of Human Resources. They decided plaintiff should be removed from his position because of the personnel problems. Kizer and Nicholson then discussed the situation with Rhone Sasser, President and Chief Executive Officer, who agreed plaintiff should be removed. On 17 September 1985, Uzzell informed plaintiff that he had "lost his effectiveness as a leader," and that his employment was terminated. On 24 September 1985, Kizer reported plaintiff's termination to the Executive Committee of defendant's Board of Directors. The committee concurred with replacement of plaintiff. The minutes of this meeting were later approved by the Board of Directors, and on 24 January 1986, in accordance with plaintiff's termination, the Board of Directors did not re-elect plaintiff as an officer.

Plaintiff filed a complaint for wrongful discharge, making six claims for relief. Defendant moved to dismiss the claims, and on

20 December 1986 the court dismissed claims three, four, five and six. Both plaintiff and defendant then moved for summary judgment as to the remaining claims, and on 6 June 1987 summary judgment was granted for defendant. Plaintiff appealed.

*Susan D. Crooks and G. Eugene Boyce for plaintiff, appellant.*

*Haynsworth, Baldwin, Miles, Johnson, Greaves and Edwards, P.A., by Robert S. Phifer and Gregory P. McGuire, for defendant, appellee.*

HEDRICK, Chief Judge.

[1] Plaintiff contends the trial court erred by granting summary judgment in favor of defendant because genuine issues of material fact existed. Generally, where a contract of employment does not fix a definite term, it is terminable at the will of either party, with or without cause, except in those instances where the employee is protected from discharge by statute. *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971). It is undisputed in this case that plaintiff had no written contract, and plaintiff testified that his employment term was "indefinite." He argues, however, that his employment was terminated in violation of G.S. 55-34(d), which provides:

> (d) Any officer or agent elected or appointed by the board of directors may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed.

Since plaintiff's employment was not terminated by the board of directors, he argues he was wrongfully discharged. We disagree. G.S. 55-34(d) states that "[a]ny officer or agent elected or appointed by the board of directors *may* be removed by the board of directors. . . ." [Emphasis added.] Chapter 55, the Business Corporation Act, uses the terms "shall" and "may." The term "shall" indicates intent to make a provision mandatory while "may" is used when the intent is to make a provision permissive. Therefore, the board of directors *may* remove an officer, but there is no indication it is mandatory that the board do so. For this reason, this case is not outside of the scope of the employment-at-will doctrine.

Plaintiff also argues the corporate by-laws mimic G.S. 55-34(d) and therefore make the employment-at-will doctrine inapplicable. We disagree for the same reasons as in our discussion of G.S. 55-34(d) and because plaintiff has alleged nothing that would indicate standing to compel performance of by-laws. *See* G.S. 55-18.

Plaintiff next argues he provided additional consideration for his employment and this makes the employment-at-will doctrine inapplicable. He contends he moved from a branch of defendant's bank in Charlotte to one in Lumberton because he was induced by defendant's employment manual and by Michael Uzzell to believe that he would be fired only for "illegal, immoral or unethical conduct."

[2]   Even though defendant's employment manual does state this policy, it is not a part of the contract between plaintiff and defendant. It is undisputed that the policy was unilaterally promulgated by defendant. It is well-settled law in North Carolina that unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it. *Harris v. Duke Power Co.*, 319 N.C. 627, 356 S.E. 2d 357 (1987); *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E. 2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986). No evidence was presented by plaintiff that the manual was included in the contract between plaintiff and defendant.

[3]   Plaintiff argues further, however, that Michael Uzzell induced him to believe he would be fired only for "illegal, immoral or unethical conduct," and that these promises became part of his contract with defendant because they were made in consideration for his promise to move to Lumberton. Plaintiff contends this additional consideration removes the employment from the scope of the at-will doctrine.

Without a finding that plaintiff's move constituted additional consideration, Uzzell's alleged promise would be nothing more than gratuitous. *Tuttle v. Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249 (1964). Plaintiff cites *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E. 2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E. 2d 490 (1985), to show that his move to Lumberton was additional consideration. In *Sides*, the plaintiff left a job in Michigan to take a job in North Carolina, thus foregoing career opportunities. In this case, plaintiff testified that he did not forego any other em-

ployment opportunities, and he merely moved in order to receive a promotion within the same bank. In *Burkhimer v. Gealy*, 39 N.C. App. 450, 454, 250 S.E. 2d 678, 682, *disc. rev. denied*, 297 N.C. 298, 254 S.E. 2d 918 (1979), this Court held that there was additional consideration when an employee "remov[ed] his residence from one place to another in order to accept employment. . . ." Plaintiff moved in order to get a promotion and not to accept a new job. We hold this was not sufficient additional consideration to remove this case from the employment-at-will doctrine.

[4] Finally, plaintiff argues he "was not an employee at will because his election to a one year term fulfills the requirement of employment for a specified duration." We disagree. The election of officers to a one-year term is not a part of plaintiff's bargained-for contract. The record indicates plaintiff did not even know officers were elected annually. The election of officers was clearly a timetable adopted unilaterally by defendant and does not represent a contractual agreement as to a specific term of employment. This argument is without merit.

The judgment appealed from is

Affirmed.

Judges PHILLIPS and ORR concur.