KENNEDY, Justice.
The plaintiff, West Alabama Health Services, Inc. (“W.A.H.S.”), appeals from a judgment based on a jury verdict that awarded it $10,000 in damages and awarded the defendant, Henry Lewis, $23,588.25 in damages for breach of contract and $75 per month rent on a 20-year lease. We affirm.
The issues are whether the evidence adduced at trial supported the verdict of the jury and whether the verdict was inconsistent.
The record indicates that the plaintiff’s and the defendant’s versions of the facts of this case were clearly in conflict at trial. We understand the facts to be as follows: In 1983, Henry Lewis owned an automobile body shop repair business. W.A.H.S. was engaged in transportation services for low income and disabled persons, utilizing approximately 25 multi-passenger vans. In 1982, W.A.H.S. and Lewis discussed contracting with Lewis to perform body work and mechanical repairs to the vans. W.A. H.S. wanted to organize an in-house mechanic shop in order to reduce its repair expenses. Both parties dispute who initiated the negotiations. In 1983, Lewis gave W.A.H.S. permission to build a mechanic shop on a vacant lot he owned adjacent to his body shop business. W.A.H.S. expended approximately $6,000 in labor and materials to construct the building. Lewis said his land was valued at approximately $4,000. Lewis testified that W.A.H.S. offered him permanent employment as the supervisor of the mechanic shop if he allowed W.A.H.S. to construct the building on his properly; told him that the building would be there for him as an income; and told him that he had a job as long as W.A.H.S. needed a mechanic. W.A.H.S. said that Lewis’s employment was not related to the construction of the mechanic shop on Lewis’s property. Lewis’s twice-monthly salary was $604.12. In 1984, W.A. H.S. and Lewis signed a 20-year lease for the use of the mechanic shop, after which *435 time the mechanic shop would belong to Lewis. W.A.H.S. and Lewis never agreed to an amount of rent, though Lewis claimed he told W.A.H.S. he wanted $300 to $350 per month rent. Later, Lewis informed W.A.H.S. that he was going to close his body shop business. W.A.H.S. gave Lewis $10,000 to keep the body shop open so that Lewis could do body work on its vehicles as well as run the mechanic shop. Over the next two years, W.A.H.S. became increasingly dissatisfied with the quality of the mechanical work and the amount of expenditures charged to W.A. H.S. by Lewis and his staff. W.A.H.S. also wanted to know what happened to the $10,-000 given to Lewis to keep the shop open. Lewis said that the work was unsatisfactory because W.A.H.S. furnished him with inexperienced personnel and that the $10,-000 was spent on salaries and expenses in running the body shop. Lewis’s financial records were incomplete. W.A.H.S. notified Lewis that he and his staff were on 30 days’ probation and that he must submit a plan for corrective measures to improve the shop’s performance. Finally, in August 1985, W.A.H.S. terminated Lewis’s salary, and Lewis locked the doors to the shop. W.A.H.S. sued to have Lewis required to reopen the shop and for an accounting for the $10,000. The trial court enjoined Lewis from interfering with W.A.H.S.’s possession of the shop pending the final hearing in the case. Lewis counterclaimed, alleging breach of his employment contract and seeking damages for rent for the use of the mechanic shop. The jury’s verdict was as follows:
“We, the Jury, find the issues in favor of the Defendant, Henry Lewis, on the Counter Claim and assess his damages at Twenty-three Thousand Five Hundred Eighty-eight Dollars and Twenty-five cents ($23,588.25).
“We, the Jury, find the issues in favor of the Plaintiff, West Alabama Health Services, Inc., and assess their damages at Ten Thousand ($10,000.00) Dollars.
“What is a reasonable monthly rental payment for the twenty (20) year lease? Seventy-five ($75.00) dollars per month.”
On appeal, W.A.H.S. argues that the evidence does not support a finding of a contract of permanent employment, because, it argues, there was no consideration, independent of the services to be performed by Lewis, flowing from Lewis to W.A.H.S., citing National Union Life Ins. Co. v. Ingram, 275 Ala. 310, 154 So.2d 666 (1963). We disagree.
The agreement in this case, concerning Lewis’s employment, was supported by adequate consideration. This Court held in Files v. Schaible, 445 So.2d 257, 260 (Ala.1984):
“Adequate consideration exists, or is implied, if it arises from any act of the plaintiff from which the defendant derived a pecuniary benefit ... if such act was performed by the plaintiff to the desired end, with the expressed or implied assent of the defendant. That which creates and carries a benefit to the party promising, or causes trouble, injury, inconvenience, prejudice, or detriment to the other party, is sufficient consideration.”
In this case, Lewis gave up working full-time at his body shop business to go to work as W.A.H.S.’s mechanic shop supervisor. Lewis also allowed W.A.H.S. to build the mechanic shop on his property. The evidence in this case, concerning the discussions about Lewis’s employment contract, was in conflict at trial. “Without detailing additional evidence, suffice it to say that we deem the evidence to be conflicting as to whether there was a contract or a breach of contract. It is the duty of the trier of fact to resolve that conflict.... It is not our duty to substitute our judgment for that of the trier of fact.” Clayton v. Simpson, 346 So.2d 457, 459 (Ala.Civ.App.1977). (Citations and footnote omitted.) “Conflicting evidence as to whether the consideration was adequate creates a question of fact to be determined by the trier of fact.” Files, supra, at 260. It was for the jury to decide what happened in this case, and the evidence in the record supports the jury’s finding that Lewis had a contract of permanent employment with W.A.H.S., supported by adequate consideration, and that W.A.H.S. breached the contract.
*436 The amount of damages awarded to Lewis for breach of contract ($23,588.25) was not unreasonable. “[D]amages recoverable for breach of contract are those which result naturally and proximately from the breach, and such as the parties should have contemplated when the contract was made. Damages are awarded to place the injured party in the position he would have occupied had the contract not been breached.” Marshall Durbin Farms, Inc. v. Landers, 470 So.2d 1098, 1102 (Ala.1985). “The amount of damages awarded is left to the discretion of the jury under proper instructions, and its decision will generally not be overturned unless the amount is so excessive as to show passion, bias, prejudice, or other improper motive, or is against the great weight and preponderance of the evidence. International Union, United Auto., Aircraft and Agr. Implement Workers of America (UAW-CIO) v. Palmer, 267 Ala. 683, 104 So.2d 691 (1956)”. Trimble v. Todd, 510 So.2d 810, 813 (Ala.1987).
W.A.H.S. and Lewis dispute whether there was any rent due for the use of the mechanic shop. There is conflicting evidence in the record from which the jury could, in its fair-minded discretion, find an agreement to pay rent and determine a reasonable amount of monthly rent. The jury determined the reasonable amount of monthly rent for the mechanic shop to be $75. We will not disturb the jury’s findings as to this matter absent any proof that the jury’s verdict was excessive or unsupported by the evidence.
Contrary to W.A.H.S.’s argument, we do not find the jury’s verdict to be inconsistent. The jury awarded $10,000 in damages to W.A.H.S. on the claim for an accounting. The evidence adduced at trial supported the verdict, because Lewis could not produce any reliable financial records to account for the $10,000. This award is not inconsistent with the portion of the verdict that awarded Lewis damages for breach of contract and determined a reasonable monthly rent. W.A.H.S. argues that awarding Lewis a reasonable monthly rent is inconsistent with the finding that the contract for permanent employment was supported by independent consideration. We do not agree. We have already determined that the jury’s verdict, which established that there was independent and adequate consideration for Lewis’s contract of permanent employment, was supported by the evidence. The award of a reasonable monthly rent to Lewis does not render the verdict inconsistent.
Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.