Julius Wright filed a three-count complaint against both Dothan Chrysler Plymouth Dodge, Inc. ("Dothan Chrysler"), and Dino Velasquez, an employee of Dothan Chrysler. He alleged that he had had a permanent employment contract with Dothan Chrysler; that the defendants had breached that contract (Count 1); that they had wrongfully discharged him (Count 2); and that they had wrongfully interfered with his employment contract (Count 3). The trial court dismissed the complaint in its entirety as to Velasquez, and it dismissed counts 2 and 3 as to Dothan Chrysler, leaving only Count 1 (the breach of contract claim) against Dothan Chrysler. The trial court later granted Dothan Chrysler's motion for a summary judgment as to count I. Wright appeals from the disposition of his claims.
The first issue is whether the summary judgment was proper on Wright's claim alleging that Dothan Chrysler breached a contract for permanent employment. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. "In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant."McAfee v. Baptist Medical Center, 641 So.2d 265 (Ala. 1994). Given this standard, we find that the record suggests the following facts:
While Wright was employed at another automobile dealership as an assistant manager of its body shop, Velasquez approached him about managing the body shop at Dothan Chrysler. According to Wright, Velasquez agreed to employ him as manager of the Dothan Chrysler body shop "as long as everything was smooth" and as long as he did "no wrong." Wright signed an application for employment that contained the following provision: *Page 430 
 "I understand and agree that, if hired, my employment is for no definite period and may, regardless of the date of payment of my wages and salary, be terminated at any time without prior notice."
However, it appears that Wright was told that the application was just a formality and that it was not even filled out until Wright had already been hired. After Wright had managed the body shop at Dothan Chrysler for approximately 13 months he began having problems with Velasquez and his employment was terminated.
Wright contended that he had a contract with Dothan Chrysler that entitled him to permanent employment. This Court held as early 1939 that although "an indefinite hiring is presumed to be at the will of either party," Alabama Mills, Inc. v. Smith,237 Ala. 296, 299, 186 So. 699, 702 (1939), "[u]nder some circumstances, . . . 'permanent' employment will be held to contemplate a continuous engagement to endure as long as the employer shall be engaged in business and have work for the employee to do and the latter shall perform the service satisfactorily." Alabama Mills, 237 Ala. at 299, 186 So. at 702
(quoting 18). In Hoffman-La Roche, Inc. v. Campbell,512 So.2d 725 (Ala. 1987), this Court set out three elements that must be shown in order to establish that an employment contract is not terminable at will:
 "(1) that there was a clear and unequivocal offer of lifetime employment or employment of definite duration, Bates v. Jim Walter Resources, Inc., 418 So.2d 903 (Ala. 1982); (2) that the hiring agent had authority to bind the principal to a permanent employment contract, Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939); and (3) that the employee provided substantial consideration for the contract separate from the services to be rendered, United Security Life Ins. Co. v. Gregory, 281 Ala. 264, 201 So.2d 853 (1967)."
512 So.2d at 728.
According to Wright's own deposition testimony, the employment was to last "as long as everything was smooth" and "there was no problem." By the plaintiff's own evidence, it appears that there was no "clear and unequivocal offer of lifetime employment." Therefore, there was no genuine issue of material fact and Dothan Chrysler was entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. The summary judgment on the contract claim was proper.
Wright also argues that the trial court improperly dismissed his claim alleging that Dothan Chrysler had interfered with his employment contract (he says it interfered by requesting him to commit an illegal act) and that the court improperly dismissed his claim alleging wrongful discharge and/or bad faith termination (he claims Dothan Chrysler fired him because he failed to commit the alleged illegal act).
The standard of review applicable to motions to dismiss is set forth in Ex parte City of Birmingham, 624 So.2d 1018, 1020
(Ala. 1993) (quoting Seals v. City of Columbia, 575 So.2d 1061,1063 (Ala. 1991)):
 " 'Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57
(Ala. 1982).' "
Wright maintains that Eager Beaver Buick, Inc. v. Burt,503 So.2d 819 (Ala. 1987), controls as to his claim that Dothan Chrysler interfered with his employment contract. In EagerBeaver, the plaintiff was asked by his employer to commit a crime. He refused and his employer began harassing him. The plaintiff was harassed to the point that he could no longer perform his job, and his resignation was, therefore, justified. The harassment was found to be a breach of his employment contract with Eager Beaver Buick, and he was, therefore, allowed to recover for breach of contract, not for intentional interference with an employment contract. Thus, Eager Beaver
has no bearing on *Page 431 
this case. This Court has held that "the very nature of [the tort of interference with an employment contract] precludes its application to a party to the contract." Hickman v. WinstonCounty Hospital Board, 508 So.2d 237 (Ala. 1987). Dothan Chrysler is a party to Wright's employment contract; therefore, the trial court properly dismissed this claim.
Last, Wright contends that the trial court erred in dismissing his claim alleging wrongful termination. While the legislature has created a "wrongful termination" cause of action for certain situations (see, e.g., § 25-5-11.1, Ala. Code 1975), which prohibits the discharge of an employee solely for filing a workers' compensation claim, it has created no such cause of action for a situation like Wright's. Because this plaintiff does not fit within any situation recognized as giving a cause of action for wrongful termination, the trial court properly dismissed the complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Wright urges this court to create a public policy exception to the employment-at-will doctrine. We decline to so; we leave the creation of any such exception to the legislature.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.