THOMAS, Judge.
Susan Bosch Turner appeals from a summary judgment entered for Gary New-som and University Diagnostics, P.C. (“UD”), on her claim alleging that they breached her employment contract, which she alleged was for permanent or lifetime employment.
Turner was employed as a psychiatric nurse by UD in August or September 2000. At that time, UD was a professional partnership between Newsom and Kamal Raisani, who were both psychiatrists. In April 2001, Raisani left the partnership. According to Turner, Newsom was concerned about the practice and desired that somebody be employed to assist in maintaining the practice, reconciling records, and handling office-management tasks. To this end, Turner said, Newsom approached her with an offer for her to become the “Executive Officer” of UD. She testified in her deposition that New-som had requested her to prepare an employment contract; however, she said that he was not satisfied with the contract she prepared and that he then added several terms to the contract. The contract contained several terms indicating that Turner’s employment was permanent, including:
“[Turner] will receive her pay until Dr. Gary Newsom retires, or until she resigns.”
“[Turner] will be employed with these benefits until the retirement of the President.”
“[Turner] also will remain employed by University Diagnostics until the time of retirement of Gary Newsom. If the personal relationship resides [sic] there will always remain this professional relationship. [Turner] will remain at her same title and pay until the resolution [sic] of the corporation.”
For her part, Turner was required to give a one-month notice of her resignation and to train the employee who would replace her; she was also required to display a professional attitude toward Newsom and promised not to harm Newsom or his practice intentionally. The contract specified Turner’s hours to be from 9:00 a.m. to 2:00 p.m. each weekday and indicated that her biweekly salary was $4,800. In addition, the contract provided that Turner was to receive bonuses, an automobile purchased by UD, and that her automobile, health, and dental insurance would be furnished by UD as well. The contract further stated that, if Turner decided to continue her education, UD would pay for her tuition and fees.
In May 2003, UD fired Turner. In August 2005, she sued UD, Newsom, and fictitiously named parties, alleging breach *916 of her lifetime employment contract. After filing an answer denying Turner’s allegations, Newsom and UD filed a counterclaim, alleging conversion of certain personal and business items, intentional infliction of emotional distress/the tort of outrage, and asserting a claim under the Alabama Litigation Accountability Act (“ALAA”), Ala.Code 1975, § 12-19-270 et seq. Turner answered the counterclaim, denying the allegations asserted therein and amended her complaint to add an intentional-infliction-of-emotional-distress/tort-of-outrage claim and a conversion claim; she also asserted an ALAA claim against Newsom and UD. Newsom and UD later amended their counterclaim to assert claims of forgery and embezzlement.
On June 30, 2006, Newsom and UD filed a motion for a summary judgment. In that motion, they argued that Newsom neither agreed to nor signed the contract upon which Turner based her breach-of-contract claim; that the contract was insufficient as a matter of law to be a lifetime employment contract; and that, if the contract were deemed to be sufficient to be a lifetime employment contract, Newsom and UD had had sufficient cause to terminate Turner’s employment, i.e., Tuner’s alleged forgery of several UD checks and the conversion of UD’s funds to her own use. Newsom and UD attached the affidavit of a handwriting expert, Newsom’s own affidavit, and Turner’s deposition testimony to their summary-judgment motion.
Turner filed a response to the summary-judgment motion on June 21, 2007. In support of her response, Turner presented the employment contract, the affidavit of a handwriting expert, an office memorandum regarding Turner’s promotion to executive officer written by and signed by Newsom, Turner’s own affidavit, portions of New-som’s testimony in his divorce trial, portions of Newsom’s deposition, and two letters informing Turner of the termination of her employment. She argued in her response to the summary-judgment motion that genuine issues of fact regarding whether the contract was sufficient to be a lifetime employment contract existed and that genuine issues of fact regarding the basis for her termination from employment existed.
After a hearing, at which counsel for both parties presented oral argument, the trial court entered a partial summary judgment in favor of Newsom and UD only on Turner’s breach-of-contract and intentional-infliction-of-emotional-distress/tort-of-outrage claims. The trial court expressly made the partial summary judgment a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Turner appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038 (footnote omitted). “[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of *917 Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d). Furthermore, when reviewing a summary judgment, the appellate court must view all the evidence in a light most favorable to the nonmovant, and must entertain all reasonable inferences from the evidence that a jury would be entitled to draw. See Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala. 2000); and Fuqua v. Ingersoll-Rand Co., 591 So.2d 486, 487 (Ala.1991).
Generally, in Alabama, employment relationships with no specified terms are considered to be terminable at the will of either party. Ex parte Michelin North America, Inc., 795 So.2d 674, 677 (Ala. 2001). Provisions in company handbooks and company memoranda have been held to establish employment contracts modifying the at-will doctrine. See, e.g., Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725 (Ala.1987); Evans v. National Microsys., Inc., 576 So.2d 207 (Ala.1991). In addition, in certain instances, Alabama courts will recognize a “permanent” or lifetime employment relationship. See, e.g., Birmingham-Jefferson County Transit Auth. v. Arvan, 669 So.2d 825, 827-29 (Ala.1995); Scott v. Lane, 409 So.2d 791 (Ala.1982). As contrasted with at-will employment, permanent employment is ‘“a continuous engagement to endure as long as the employer shall be engaged in business and have work for the employee to do and the latter shall perform this service satisfactorily.’ ” Alabama Mills, Inc. v. Smith, 237 Ala. 296, 299, 186 So. 699, 702 (1939) (quoting 18 R.C.L. 510); see also Green v. City of Hamilton, Hous. Auth., 937 F.2d 1561, 1564 (11th Cir.1991). However, permanent or lifetime employment contracts are considered extraordinary and are not to be lightly implied; the burden on an employee seeking to demonstrate the existence of such a contract is a heavy one. Howard v. Wolff Broad. Corp., 611 So.2d 307, 311 (Ala.1992).
“The cases reveal that three elements must be shown to establish that an employment contract is one other than one terminable at will: (1) that there was a clear and unequivocal offer of lifetime employment or employment of definite duration, Bates v. Jim Walter Resources, Inc., 418 So.2d 903 (Ala.1982); (2) that the hiring agent had authority to bind the principal to a permanent employment contract, Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939); and (3) that the employee provided substantial consideration for the contract separate from the services to be rendered, United Security Life Ins. Co. v. Gregory, 281 Ala. 264, 201 So.2d 853 (1967).”
Hojfmanr-La Roche, 512 So.2d at 728. Although Newsom and UD have challenged the authenticity of Newsom’s signature on the contract, for purposes of the summary-judgment motion and this appeal they concede that, assuming that Newsom signed the contract, Newsom would have had the authority to bind UD. Thus, only the first and third elements are at issue. Because we conclude that Turner did not present substantial evidence indicating that she provided substantial consideration for the alleged contract, we pretermit discussion of whether she submitted substantial evidence indicating that Newsom and UD made a clear and unequivocal offer of lifetime employment. Turner was required to present substantial evidence creating a genuine issue of material fact regarding whether she “provided substantial consideration for the contract separate from the services to be rendered.” Hoffman-La Roche, 512 So.2d at 728 (emphasis added). In making a determination as to whether the employee has provided substantial consideration to support a permanent or lifetime employment contract, “ ‘ “the courts inquire into the actual value of the consideration.” ’ ” Scott, 409 So.2d at 791 (quot *918 ing United Sec. Life Ins. Co. v. Gregory, 281 Ala. 264, 265, 201 So.2d 853, 854 (1967) (quoting in turn National Union Life Ins. Co. v. Ingram, 275 Ala. 810, 314, 154 So.2d 666, 669 (1963))) (emphasis omitted). Newsom and UD argue that Turner provided no consideration for this exceptional contract, while Turner maintains that she presented substantial evidence creating a genuine issue of material fact regarding the element of substantial consideration. She argues that the following are substantial consideration: (1) having to give a 30-day notice of her resignation and train her replacement, (2) giving up her previous employment with Newsom and UD as a psychiatric nurse, (3) accepting a decrease in salary, (4) putting the furtherance of her education on hold, (5) spending less time with her only child, and (6) maintaining a proper professional attitude toward New-som and promising not to harm him or the business intentionally in the face of her alleged knowledge of some unspecified “immoral” conduct of his that she witnessed.
As noted above, Newsom and UD relied in large part on Turner’s deposition testimony in support of them motion for a summary judgment. In that deposition, counsel for Newsom and UD asked Turner what she was required to do, if anything, to benefit Newsom or UD in return for permanent or lifetime employment. Turner answered that she was required to give a 30-day notice before leaving her employment, that she was required to train her replacement, and that she was required to not harm Newsom or the business in any way. Newsom and UD argue that these slight burdens, which mirror typical employment requirements, are not in any way “substantial” enough to warrant a conclusion that Turner had provided consideration for a permanent or lifetime employment contract. We agree. Notice of resignation and the requirement that one train one’s replacement are both rather typical requirements of employment. Turner cites no authority supporting a conclusion that these requirements amount to the substantial consideration necessary to support the weighty obligation of a permanent or lifetime employment contract, and we can conceive of no reason to consider such typical employment requirements as such. We now turn to the other alleged substantial consideration Turner argues supports the contract.
In response to the motion for a summary judgment, Turner submitted her own affidavit. In that affidavit, Turner alleged that her new duties took up so much of her time that she was required to drastically reduce the time she was able to spend with her son. She further alleged that she had communicated to Newsom a desire to continue her education, which desire, she said, she postponed in order to accept the offer of lifetime employment and to “get the office up and running.” Lastly, Turner stated in her affidavit that she had “personally witnessed immoral behavior on the part of Dr. Newsom” [1] and that she had been prepared to leave his employment over this incident until he offered her the employment contract as an inducement to remain in his employ.
We will first consider whether Turner’s decision to overlook Newsom’s alleged “immoral behavior” was substantial consideration for a permanent or lifetime employment contract. Turner analogizes her agreement to overlook this alleged immoral conduct and to not harm Newsom or his business (for purposes of this argument, presumably by reporting or disclosing this alleged immoral conduct) to relinquishing a claim against one’s employer, which has been held to be substantial con *919 sideration for a permanent or lifetime employment contract. See Lee v. City of Gadsden, 592 So.2d at 1039 (stating that relinquishment of a claim against the employer is one of the then-recognized two acceptable forms of consideration for a lifetime employment contract); Alabama Mills, 237 Ala. at 299, 186 So. at 702 (quoting 18 R.C.L. 510). Although we are not convinced that deciding to overlook “immoral behavior” on the part of one’s employer can never be equivalent to relinquishing a claim against that employer, we need not delve into the issue further to decide this case. First of all, the lack of specificity in Turner’s affidavit fails to present substantial evidence creating a genuine issue of material fact warranting consideration of this argument. Wilson v. Vulcan Rivet & Bolt Corp., 439 So.2d 65 (Ala.1983) (recognizing that promise to forbear from suit against an employer at its request can be substantial consideration supporting a permanent employment contract but holding that the evidence did not indicate that the employee had a claim against the employer' or that the employer had requested that the employee forbear from suit). Secondly, we note that Turner’s affidavit testimony on this point directly conflicts with Turner’s deposition testimony, in which she stated that she had no reason to leave the employ of UD at the time Newsom approached her with an unsolicited offer of lifetime employment and that she did not require the contract as an inducement to continue her employment. Doe v. Swift, 570 So.2d 1209, 1214 (Ala.1990) (stating the rule that a party may not create a genuine issue of material fact to avoid entry of a summary judgment with an affidavit that contradicts prior sworn testimony given in answer to clear and unambiguous questions); Lady Corinne Trawlers, Inc. v. Zurich Ins. Co., 507 So.2d 915, 917-18 (Ala.1987) (indicating that the trial court can decide whether an affidavit that contradicts prior sworn testimony without explanation is a sham even without a motion to strike from the opposing party). Because Tuner’s deposition testimony clearly indicated that she did not have any reason to leave UD’s employ, her contradictory affidavit testimony cannot be used to create a genuine issue of material fact to defeat summary judgment. The trial court could have decided not to consider this particular assertion by Turner when deciding the summary-judgment motion. Lady Corinne Trawlers, 507 So.2d at 917-18.
We now turn to Turner’s assertion that spending less time with her son because of her increased duties amounted to the substantial consideration required to support a lifetime employment contract. We are not convinced that working the additional hours required by the position one has contracted for amounts to the substantial consideration required to support a permanent or lifetime employment contract. To establish the substantial consideration to support a lifetime or permanent employment contract, Turner must prove that she provided “ ‘consideration of substantial value, independent of any service to be performed.’ ” Gregory, 281 Ala. at 265, 201 So.2d at 854 (quoting Ingram, 275 Ala. at 314, 154 So.2d at 669); see also Scott, 409 So.2d at 794. Because Turner’s position as executive officer required her to do more than her position as a psychiatric nurse, like handling employee scheduling, patient scheduling, insurance issues, contacts with other medical providers, Newsom’s answering service and on-call issues, and questions regarding prescription drug refills from pharmacists, the time needed to complete her work tasks increased. However, we cannot agree that performing the tasks required by her new position amounts to anything more than a performance of the services for which she contracted. Therefore, we conclude, as *920 the supreme court did in Gregory, that Turner’s performance of the duties required by her new position, while requiring considerable time, is not the substantial consideration “ ‘independent of any service to be performed’ ” necessary to support a lifetime or permanent employment contract. Gregory, 281 Ala. at 266, 201 So.2d 855 (emphasis omitted).
Later, in a supplemental filing, Turner argued to the trial court that her counsel had inadvertently agreed that her salary under the contract exceeded what she had earned as a psychiatric nurse in Newsom and UD’s employ; she argued in that filing that she had accepted a decreased salary as consideration for the lifetime employment contract. Turner submitted an affidavit in support of her supplemental filing in which she explained that her base salary as a psychiatric nurse had been approximately $149,592 per year while her base salary as the executive officer under the contract was $124,000. However, the affidavit does not take into account the other remuneration that Turner was entitled to receive under the employment contract, including quarterly bonuses of between $30,000 and $50,000, the provision of two automobiles (one a Mercedes automobile and one a Chevrolet Denali sport-utility vehicle) paid for by UD, and automobile insurance also paid for by UD. At her deposition, Turner produced two letters verifying her income written for the purposes of securing a loan or a mortgage; those letters, the contents of which were read into the record by her attorney, indicated that Turner’s biweekly salary was $4,800, that she received quarterly bonuses of $30,000 to $50,000, that her 2001 income was $172,00, and that her 2002 income was $200,000. In Turner’s verified complaint, she stated that she would have been entitled to, including all bonuses and benefits, at least $307,374 in yearly compensation under the contract. Thus, Turner failed to present substantial evidence indicating that she accepted a lesser salary as substantial consideration for a lifetime employment contract.
Turner further argues that she chose to pass up a chance to further her education and that her delaying her educational plans amounts to substantial consideration for the lifetime employment contract. Turner states in her affidavit that she had “checked into” some educational programs at three universities. However, Turner does not allege that she had actually been accepted into any educational institution at the time she entered the employment contract. In fact, she testified in her deposition that she had had no plans to leave UD’s employ at the time Newsom presented her with the employment contract. The contract itself provides that, if she were to continue her education, UD would pay her tuition and fees. Although an employee’s decision to forgo another employment opportunity has been considered to be at least substantial evidence of substantial consideration for a lifetime employment contract warranting submission of the question to the jury, Arvan, 669 So.2d at 827-28, we cannot agree that a decision to forgo the idea of furthering one’s education or to delay seeking continued education is equivalent to forgoing another employment opportunity. Thus, we conclude that Turner’s decision not to further her education, in this instance, was not substantial consideration to support a lifetime employment contract.
Finally, Turner argues that she left her previous employment as a psychiatric nurse at UD in order to take the executive-officer position. Alabama law is clear that “knowledge by the employer ‘that the person being employed then has employment, and that he is giving it up to engage in his new work under the contract’ is valuable consideration.” Scott, 409 So.2d at 794-95 (quoting Alabama *921 Mills, 237 Ala. at 299, 186 So. at 702). However, as the trial court itself questioned at the hearing on the motion for a summary judgment, does accepting a promotion from the same employer equate to giving up other employment such that accepting the promotion can serve as substantial consideration for a permanent or lifetime employment contract? As we have noted, Alabama law recognizes as substantial consideration an employee’s giving up prior employment or another job opportunity as substantial consideration supporting a permanent or lifetime employment contract. Arvan, 669 So.2d at 827 (employee gave up job opportunity in California); West Alabama Health Servs., Inc. v. Lewis, 548 So.2d 434, 435 (Ala.1989) (employee gave up being self-employed); Scott, 409 So.2d at 794 (employee gave up previous employment); and Matthews v. Alabama Agric. & Mech. Univ., 716 So.2d 1272, 1277 (Ala.Civ.App.1998) (employee gave up previous employment). However, Alabama law requires that the prior employment relinquished be of “substantial” character. Lee, 592 So.2d at 1039. The Lee court based the requirement that the relinquishment be of “substantial” employment on Alabama Mills, in which our supreme court held that the relinquishment of employment with a “charitable or public welfare agency which is designed ‘to serve [employ] those who are otherwise unemployed’ ” was not sufficient to serve as the necessary substantial consideration to support a lifetime employment contract. Lee, 592 So.2d at 1039 n. 8 (quoting Alabama Mills, 237 Ala. at 300, 186 So. at 702).
We have found no Aabama case that addresses whether accepting a promotion to a position with more responsibility and more authority amounts to a relinquishment of prior employment and whether, if so, that relinquishment is substantial enough to support a permanent or lifetime employment contract. In addition, we can find no cases in other jurisdictions addressing this particular argument.[2] Robert A. Brazener, Annotation, Validity and Duration of Contract Purporting to be for Permanent Employment, 60 A.L.R.3d 226 (1974). Although accepting a promotion requires one to relinquish one’s former position and, at times, the duties associated therewith, we are not convinced that accepting a promotion is the type of “relinquishment of a prior ‘substantial’ employment,” Lee, 592 So.2d at 1039 (footnote omitted), that our courts would consider to be substantial consideration to support a permanent or lifetime employment contract. The basis for allowing the relinquishment of prior employment to meet the substantial-consideration requirement is that the employer has knowledge that the person is giving up other secure employment to take a risk on a new employment relationship; that same risk is sim *922 ply not present in a situation in which one takes a promotion offered by one’s current employer. Thus, we conclude that Turner’s decision to accept a promotion by her employer is not substantial consideration that would support a lifetime employment contract under Alabama law.
We cannot agree that Turner has presented substantial evidence of substantial consideration other than the services to be rendered under the employment contract to support a contract for permanent or lifetime employment. Based on our review of applicable caselaw, Turner’s offered considerations are simply insufficient as a matter of law to be the substantial consideration required to support such a weighty obligation by her employer. Therefore, we affirm the partial summary judgment in favor of Newsom and UD.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, with writing.

. Notably, Turner did not describe this immoral conduct.

. Although not directly on point, we have considered the rationale expressed in Buffaloe v. United Carolina Bank, 89 N.C.App. 693, 696-97, 366 S.E.2d 918, 921 (1988), regarding whether relocation to accept a promotion is additional consideration sufficient to overcome the presumption that the employee’s employment was at will. Alabama, like North Carolina, has recognized that an agreement to relocate for the purpose of the new employment can be considered substantial consideration supporting a permanent or lifetime employment contract. Murphree v. Alabama Farm Bureau Ins. Co., 449 So.2d 1218, 1221 (Ala.1984). In Buffaloe, the Court of Appeals of North Carolina determined that relocation of an employee from one town to another for a promotion within the same company was not equivalent to relocating in order to accept a position with a new employer. Buffaloe, 89 N.C.App. at 696-97, 366 S.E.2d at 921. We agree with the North Carolina court that there is a difference between relocating incident to a promotion by one's current employer and relocating to begin a new employment relationship. That difference obtains in the current context as well, as discussed infra.